# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

**CHAMBERS OF**
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**CLARKSON S. FISHER FEDERAL**
**BUILDING & U.S. COURTHOUSE**
**402 EAST STATE STREET**
**TRENTON, N.J. 08608**
**609-989-2009**

## NOT FOR PUBLICATION

### LETTER OPINION & ORDER

**VIA CM/ECF**
All counsel of record

Larry Murphy
#72581-050
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

    Re:   *United States v. Larry Murphy*
            Crim. No. 20-197 (MAS)

Dear Mr. Murphy and Counsel:

      This matter comes before the Court on Defendant Larry Murphy's ("Defendant" or "Mr. Murphy") Motion for Compassionate Release under the First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A). The Court has considered the parties' submissions, and for the reasons set forth below, denies Defendant's Motion without prejudice.

## I.    DISCUSSION

      Defendant is currently incarcerated at the Federal Correctional Institute, Fort Dix, New Jersey ("FCI Fort Dix"). Mr. Murphy began his sentence on October 27, 2020, and his projected release date is currently May 13, 2022. Defendant seeks compassionate release based upon his alleged comorbidities of asthma and chronic bronchitis. (Def.'s Moving Letter, ECF No. 183.) The Government opposes Defendant's Motion. (Gov't's Opp'n Br., ECF No. 185.)

      A district court generally has limited authority to modify a federally-imposed sentence once it commences. *See United States v. Epstein*, No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020); *Dillon v. United States*, 560 U.S. 817, 825 (2010). The FSA, however, permits district courts to grant compassionate release where there exists "extraordinary and compelling reasons" to reduce a sentence. 18 U.S.C. § 3582(c)(1)(A)(i). The statute provides, in relevant part, that:

> (A) the court, upon motion of the Director of the Bureau of Prisons [("BOP")], *or upon motion of the defendant after the defendant has fully exhausted all administrative rights* to appeal a failure of the [BOP] to bring a motion on the defendant's behalf *or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,* whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C. § 3582(c) (emphasis added). As such, under the FSA, "a defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *Epstein*, 2020 WL 1808616, at *2.

Here, Defendant has failed to satisfy the procedural prerequisites for judicial review. In support of his Motion, Defendant states, "In November while in quarantine I requested compassionate release from the warden and never received a response." (Def.'s Moving Letter 1.) In its opposition brief, the Government argues that the "BOP has no record that [Mr.] Murphy filed a request with any personnel at FCI Fort Dix seeking his release on compassionate release grounds." (Gov't's Opp'n Br. 9.) On reply, Defendant asserts:

> Due to the ongoing COVID-19 pandemic, as per Attorney General Barr's directive, Mr. Murphy, on December 10, 2020, filed with the Warden an application for Home Confinement, in accordance with [the BOP's] Program Statement 5050.50 Compassionate Release/Reduction in Sentence, 18 U.S.C. § 3582(c)(1)(A), and the CARES Act of 2020.

(Def.'s Reply Br. 4-5, ECF No. 186.) Defendant cites Exhibit A to his reply brief in support of his assertion. (*Id.* at 5.) Exhibit A, however, contains a copy of Defendant's December 10, 2020 Motion to this Court, not a request made to the Warden of FCI Fort Dix. This Court, however, may only grant a motion for reduction of sentence under the FSA if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or after thirty days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Raia*, No. 20-1033, 2020 WL 1647922 (3d Cir. Apr. 2, 2020), *as revised* (Apr. 8, 2020). This is a statutory requirement that the Court may not waive. *See, e.g., Raia*, 2020 WL 1647922, at *2. Here, Defendant failed to satisfy his burden of establishing that he exhausted administrative remedies. The Court, accordingly, will not consider the merits of Defendant's Motion at this time.

## II. ORDER

For the reasons set forth above,

**IT IS** on this 19th day of March 2021,

**ORDERED** that Defendant's Motion (ECF No. 183) is denied without prejudice.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**
